UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID ANGEL SIFUENTES,

    Petitioner,

Case No. 1:03-CV-637

v.

Hon. Richard Alan Enslen

JOHN PRELESNIK,

**FINAL ORDER**

    Respondent.
_____/

    This matter is before the Court to review Petitioner David Angel Sifuentes' Petition for Writ of Habeas Corpus regarding his state convictions for third-degree criminal sexual conduct and furnishing alcohol to a minor. The Court reviews such matters *de novo*. *See* 28 U.S.C. § 636.

    Upon such review, the Court determines that the Objections and Petition should be denied for the reasons given in the comprehensive 35-page Report and Recommendation authored by United States Magistrate Judge Ellen S. Carmody. That Report is so thorough, accurate and proper in its legal dispositions that it leaves little for comment, except as noted below.

    Petitioner argues that he has difficulty in understanding and addressing legal arguments and that the Magistrate Judge should have appointed counsel for him. He raised the same complaint earlier to the Magistrate Judge, which was last denied by her Order of October 29, 2004. Petitioner had ten days from that denial to appeal the Order, which he did not do. Further, there was nothing "clearly erroneous or contrary to law" regarding such disposition because the decision to appoint counsel for indigent habeas petitioners (except when trial is required) is discretionary and the Magistrate Judge appropriately exercised her discretion given that the grounds asserted are not complex and Petitioner has demonstrated sufficient ability to prepare written argument on his own

behalf. *See* 18 U.S.C. § 3006A; Rule 8(c) of Rules Governing Section 2254 Proceedings; *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).

Petitioner argues, contrary to the Sixth Circuit Court of Appeals' decision in *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003), that it is clearly established by Supreme Court precedent that the improper admission of propensity evidence violates the Due Process Clause. These arguments rely on precedents issued before the *Bugh* decision and specifically considered in that decision. The Supreme Court has not made a contrary ruling since *Bugh* and the holding that there is no "clearly established" due process right against the use of propensity evidence is binding in this Circuit until either the Supreme Court or Sixth Circuit says otherwise. Also, even though the Supreme Court left open the possibility of establishing a due process right against propensity evidence in *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991),[1] such possibility was not directed at Petitioner's situation.[2] Petitioner was convicted on the force of the testimony of both his victim and two prior victims who testified that Petitioner used the same plan (ply them with alcohol and then force himself on them late at night while they were separated from their boyfriends) to rape them. This is evidence which properly goes to such issues as planning and intent rather than mere propensity evidence. *See Oliphant v. Koehler*, 594 F.2d 547, 553 (6th Cir. 1979) (holding similar planning evidence to be relevant and material to the issue of guilt). As such, both Petitioner's legal characterizations and argument must be rejected. Petitioner's other various arguments and grounds for relief are likewise rejected for the reasons explained in the Report and Recommendation.[3]

---

[1] *Estelle* also held that a supposed violation of state law is not a proper basis for habeas relief, *Estelle*, 502 U.S. at 67-68, which holding is applicable to this case.

[2] Although Petitioner cites *Huddleston v. United States*, 485 U.S. 681 (1988), such case made clear that Federal Rule of Evidence 404(b), the parallel federal rule, properly permits "other acts" evidence which is consistent with the Rule. *Id.* at 691. The planning evidence at issue in this case is consistent with the usual Rule 404(b) analysis.

[3] Also, Petitioner clearly indicates in his Objections, at 2-3, that he intended to withdraw his second ground for relief. Further, on June 13, 2006, the Michigan Supreme Court in *People*

Pursuant to 28 U.S.C. § 2253, the Court must also assess whether to grant the issuance of a certificate of appealability to Petitioner. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (holding that § 2253 analysis may be done at time of claim analysis). Under the statute and the Supreme Court's determinations in *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) and *Barefoot v. Estelle,* 463 U.S. 880, 893 & n. 4 (1983), a certificate is to be issued if the resolution of the petition is debatable among reasonable jurists or adequate to deserve encouragement for some other reason. The Court has reviewed the grounds asserted individually as required by the decisions in *Slack* and *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001). Upon such review, the Court determines that this standard is not met as to any of three claims for relief asserted because there is no factual basis for the claims asserted and Supreme Court and Sixth Circuit law forbids relief.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion to Amend Petition of Habeas Corpus (Dkt. No. 46) is **GRANTED** to the extent that Petitioner's Amended Petition is considered in resolving this Petition.

**IT IS FURTHER ORDERED** that Petitioner's Objections (Dkt. No. 47) are **DENIED**, the Report and Recommendation (Dkt. No. 43) is **ADOPTED**, and the Petition (Dkt. No. 1), as amended, is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** as to all grounds asserted.

DATED in Kalamazoo, MI:       /s/ Richard Alan Enslen
    August 11, 2006              RICHARD ALAN ENSLEN
                                  SENIOR UNITED STATES DISTRICT JUDGE

---

*v. Drohan*, 715 N.W.2d 778 (Mich. Jun. 13, 2006), determined that the reasoning of *Blakely* does not apply as to Michigan's indeterminate guideline system. This holding does not counsel relief as to the third ground asserted.