UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID ANGEL SIFUENTES,

         Petitioner,

Case No. 1:03-CV-637

v.

Hon. Richard Alan Enslen

JOHN PRELESNIK,

**OPINION**

         Respondent.

_____/

    This matter is before the Court to review Petitioner David Angel Sifuentes' Motion to Alter or Amend Judgment under Federal Rules of Civil Procedure 59 and 52(b) and Supplemental Motion. Rule 52(b) grants the district court discretion that, upon a party's motion, the court "may amend its findings - or make additional findings - and may amend the judgment accordingly." Fed. R. Civ. P. 52(b). Under 59(e), Petitioner's Motion must clearly either establish a manifest error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). However, motions under Rule 59(e) are not an opportunity to reargue a case. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citations omitted). Petitioner's Motion incorporates five arguments.[1] The Court addresses them in turn.

---

[1] In fact, Petitioner made six arguments in his Motion, and Supplement to the Motion; however, the argument that the Court erred because certain parts of the record that Petitioner presented in his Appellate Brief and other Pleadings were not included in the adopted Report and Recommendation is not a valid argument. Petitioner misapprehends the Court's evaluation of the record and the Pleadings. If a certain quote from a transcript does not appear in the Court's Procedural History or Background Section, it does not imply that the Court was unaware of the testimony, nor does it imply that the Court did not duly consider that testimony or fact when coming to its decision. *See Brewster v. Barnhart*, 145 Fed. Appx. 542, 543 (6th Cir. 2005) (refusing to discuss parts of the record which do not change analysis); *United States v. Sanders*,

As an initial matter, the Court addresses Petitioner's misunderstanding regarding United States Magistrate Judge Ellen S. Carmody's Report and Recommendation ("Report"). It is clear from the nexus of Petitioner's claim that Petitioner believes the Court erred in adopting the Report because it did not apply the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") modified standard of deference required under *Bell v. Cone*, 543 U.S. 447 (2005) and *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005). The modified standard was articulated in *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), which held "when a state court 'decides a constitutional issue by form order or without extended discussion,' the habeas court must conduct an independent review of the record and applicable law." *Maldonado*, 416 F.3d at 476 (*citing Harris*, 212 F.3d at 943). Petitioner then contends that because the modified standard was not used, the Court wrongly decided his first habeas claim (Due Process claim) by not examining the claim under *Lisenba v. California*, 314 U.S. 219 (1941).

However, Petitioner's arguments make clear he has misinterpreted the Report in regards to his Due Process claim. Petitioner argues that the modified standard should apply to his first habeas claim because the Michigan Court of Appeals' inquiry (into undue prejudice) bore some similarity to a federal due process determination of whether admission of the challenged evidence (the testimony of Heidi Rice ("Rice") and Shannon Morford ("Morford")) rendered the trial fundamentally unfair. Although it is true that the Michigan Court of Appeals did not address the federal question (as stated in the Report), it is also true that the Report **did** apply the modified ADEPA standard of deference when it "conduct[ed] an independent review of the record and applicable law" as to Petitioner's Due Process claim. *Maldonado*, 416 F.3d at 476 (citation omitted).

---

732 F.2d 34, 35 (8th Cir. 1983) (affirming summary denial of frivolous arguments).

The Report explicitly stated, in circumstances where the state court did not address the merits of a claim, the court conducts a *de novo* review.[2]

## I. DUE PROCESS

Petitioner contends in claim I that the Report, as adopted by the Court, dismissed his "due process claim because the Michigan Court of Appeals did not squarely address whether the admission of Rice and Morford's testimony violated his federal due process rights." In claim IV, Petitioner argues that the admission of the testimony of Rice and Morford rendered his trial fundamentally unfair and constituted a denial of due process under *Lisenba*. Both arguments fail. Although the Report recognized that the Michigan Court of Appeals did not address the federal constitutional question, the Report went on to examine the Due Process claim under the standard of whether the evidentiary rulings "offend[ed] some principle of justice . . . as to be ranked as fundamental." *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). Although, the Report did not directly cite the *Lisenba* decision, the issue was properly addressed.[3]

## II. MICHIGAN RULE OF EVIDENCE 404(b)

Petitioner's argument in claim III is that the testimony presented by Rice and Morford does not show planning and intent so as to be sufficient to be admissible under Michigan Rule of

---

[2]Under the statute, the district court may deny relief of an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(1)(A).

[3]Additionally, as accurately set forth in the Report, there is "no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell*, 329 F.3d 469, 512 (6th Cir. 2003); *see also Estelle v. McGuire*, 502 U.S. 62 (1991). Therefore, regardless of which ADEPA standard of deference is used, because the Supreme Court has never addressed the issue, the trial court's admission of the evidence was not contrary to nor an unreasonable application of precedent.

Evidence 404(b). This argument is not sufficient to warrant relief under Rule 59(e). Petitioner is applying the same legal principles to the same facts and, again, coming to a different conclusion. This argument also does not warrant relief under Rule 52(b) as Petitioner has given no reason for the Court in its discretion to amend its previous holding on this exact issue. Further, this is not a federal issue apart from the separate due process analysis. *Estelle,* 502 U.S. at 67-68 (whether evidence was properly admitted or improperly excluded under state law is not part of a federal court's habeas review of a state conviction); *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001) ("errors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus."). Petitioner's claim III fails.

### III.   MICHIGAN RULE OF EVIDENCE 403

As best understood by the Court, Petitioner argues in claim V that the Court of Appeals unreasonably applied federal law when it determined the trial court did not err when it held the admission of Rice and Morford's testimony was not unduly prejudicial under Michigan Rule of Evidence 403.[4] This claim is duplicative of Petitioner's previous claims I and IV. Again, to the extent Petitioner claims the evidence was admitted in violation of Michigan Rule of Evidence 403, the claim is not cognizable in this habeas proceeding. *Estelle,* 502 U.S. at 67-68; *see also Coleman*, 244 F.3d at 542. Further, to the extent Petitioner appears to argue due process was denied by the state court's evidentiary ruling under *Lisenba*, this claim is controlled by the decision in *Bugh*, as

---

[4]The Court notes that this claim is unexhausted, but the district court may deny relief of an unexhausted claim on the merits. 28 U.S.C. § 2254(b)(1)(A).

previously set forth in the Report and this Opinion. For these reasons, the Court finds that this claim fails on its merits.[5]

## IV. SUFFICIENCY OF THE EVIDENCE

In claim VI, Petitioner claims for the first time that his right to due process was violated where testimony of Rice and Morford was improperly admitted and that evidence was "sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it." *Katowski v. Greiner*, 212 F. Supp. 2d 78, 86 (E.D.N.Y. 2002). Petitioner acknowledges that he did not allege this as a basis for relief in the state courts and it would, therefore, be procedurally barred. (Petr.'s Supp. Mot. 15).[6] The Court may excuse the default only if Petitioner meets the cause-and-prejudice standard or demonstrates that a fundamental miscarriage of justice will occur if the federal claim is not considered. *Coleman v. Thompson*, 501 U.S. 722, 749-50 (1991). Petitioner offers no excuse for failing to raise the claim earlier, but argues the claim should be reviewed because to not do so would result in "a miscarriage of justice." *Seymour*, 224

---

[5] Petitioner also argues that the Court must use Michigan case law, namely *People v. Vandervliet*, 444 Mich. 52 (1993), *People v. Crawford*, 458 Mich. 376 (1998), and *People v. Sabin*, 463 Mich. 43 (2000), to determine whether he was denied due process under *Lisenba* by the admission of the evidence. The Court disagrees. The Michigan Court of Appeals determined the trial court did not err in holding the testimony was admissible and relevant to show a common scheme or plan, and also that it was not unduly prejudicial. (MCOA Op. at 2). "Federal courts are bound by this determination [of the evidentiary ruling] unless convinced that the Michigan Supreme Court would rule otherwise." *Dumas v. Pitcher*, 80 Fed. Appx. 386, 388 (6th Cir. 2003); *see Olsen v. McFaul*, 843 F.2d 918, 933 (6th Cir. 1988). The Court is not convinced that the Michigan Supreme Court would rule any differently.

[6] However, Petitioner also contends later in the Motion the claim is cognizable because "he asserted this claim throughout his state court remedies to the Michigan Court of Appeals and Michigan Supreme Court." (Petr.'s Supp. Mot. 16). The Court, having carefully reviewed his citations, the Appellate Brief in its entirety, and the Application for leave to Appeal cannot find these assertions. Therefore, the Court finds that this claim is procedurally barred.

F.3d at 550. Further, to "secure review of his procedurally defaulted claim...[Petitioner] must submit new and reliable evidence of his actual innocence." *Willis v. Smith*, 351 F.3d 741, 746 (6th Cir. 2003); *see also Schlup v. Delo*, 513 U.S. 298 (1995). Petitioner's claim is one that only asserts the evidence admitted violated his due process and was not sufficient for conviction; Petitioner offers no new evidence of actual innocence. For these reasons, the Court considers the claim procedurally barred.

Additionally, were the Court to construe Petitioner's final basis for relief as properly arguing insufficient evidence to uphold a conviction under *Jackson v. Virginia*, 443 U.S. 307 (1979),[7] the Court may deny the claim on the merits notwithstanding the failure to exhaustion the claim at the state level. 28 U.S.C. § 2254(b)(2). When a habeas petitioner challenges the sufficiency of the

---

[7]The Court also notes that Petitioner's claim is different from a *Jackson* claim in that Petitioner is claiming the evidence was improperly admitted and that his due process rights were violated. However, Petitioner cites to *Jackson* and uses language implicating a claim of insufficient evidence. (Petr.'s Supp. Mot. 18, 20). Further, the Court finds that the specific claim Petitioner appears to make is based solely on dicta found in an opinion from an Eastern District Court of New York. *See Katowski*, 212 F. Supp. 2d at 86. Indeed, Petitioner misconstrues that dicta, claiming that his due process was denied by the propensity evidence being admitted and without which there was insufficient evidence to convict. The *Katowski* opinion states in pertinent part:

> This result would not change even if I construed Katowski's petition as alleging that admission of the contested testimony violated federal due process norms. If I did so, I would find that petitioner had exhausted the claim, since, like state law, federal law prohibits admitting evidence of an uncharged crime to prove a defendant's character or propensity toward crime ... and such an admission could violate federal due process if the evidence in question was sufficiently material to provide the basis for conviction or to remove a reasonable doubt that would have existed on the record without it."

*Id*. (citations omitted). The evidence that Petitioner disputes was not admitted as propensity evidence, but rather was offered for the legitimate reason to show a common plan or scheme, and the jury was given a limiting instruction to that effect.

evidence supporting his conviction under 28 U.S.C. § 2254, the Court will deny the petition if "after reviewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 . (emphasis in original), *see also Moore v. Duckworth*, 443 U.S. 713 (1979).  There was evidence on the record, namely the testimony of the victim but also that of Rice and Morford, that could support a conviction beyond a reasonable doubt by a rational jury.  A habeas court may not reject a jury's verdict because the evidence does not "rule out every hypothesis except that of guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 326.  Taken in a light most favorable to the prosecution, a rational jury could have found from the testimonial evidence, Petitioner was guilty beyond a reasonable doubt.

Finally, the Court finds that this new basis for relief, raised for the first time in a Supplemental Motion to Amend or Alter a Judgment, does not warrant relief under Rule 52 or Rule 59(e).  As stated previously, under Rule 59(e), Petitioner's Motion must clearly either establish a manifest error of law, present newly discovered evidence, indicate an intervening change in controlling law, or demonstrate a manifest injustice.  *GenCorp, Inc.*, 178 F.3d at 834, (citations omitted).  The Court finds that this claim does not clearly establish a manifest error of law or demonstrate a manifest injustice, nor does the Motion present new evidence or indicate a change in controlling law.  Further, the Court finds in its discretion that the Judgment shall not be amended pursuant to Rule 52 as the Petitioner has not presented the Court with adequate reason to do so.

## V. CONCLUSION

Therefore, Petitioner David Angel Sifuentes' Motion to Alter or Amend Judgment under Federal Rules of Civil Procedure 59 and 52(b) and his Supplemental Motion to Alter or Amend Judgment will be denied.

An Order consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>October 2, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |