UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAVID ANGEL SIFUENTES,

       Petitioner,

Case No. 1:03-CV-637

v.

Hon. Richard Alan Enslen

JOHN PRELESNIK,

**ORDER**

       Respondent.

_____/

      This matter is before the Court on Petitioner David Angel Sifeuntes' Motion to Alter or Amend the Court's October 2, 2006 Opinion and Order denying Petitioner's Motion to Alter or Amend. Also before the Court is Plaintiff's Motion for Reconsideration for a Certificate of Appealability, and Supplement thereof. Both motions are brought pursuant to Federal Rules of Civil Procedure 59 and 52(b).

      Petitioner asserts that under Rule 59(e), the Court may grant relief for any reason. However, the Sixth Circuit Court of Appeals has stated clearly that: "[a] court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)) (citations omitted). This standard was correctly applied in the Court's previous Opinion where the Court found that Petitioner's Motion did not meet any of these

standards.[1]  Upon careful review, the Court again finds that Petitioner has failed to meet these standards, and has merely reargued his original case.

In regards to Petitioner's Motion to Reconsider the Court's Order denying a Certificate of Appealability, the Court has reviewed Petitioner's Motion and his Motion to Supplement the Motion for Reconsideration of the Certificate of Appealability, and has found no reason to alter or amend its judgment.

Petitioner also requests that the Court allow him to proceed *in forma pauperis* on appeal. The Court denies this request pursuant to 28 U.S.C. § 1915(a)(3), where this Court has certified such an appeal would not be taken in good faith.  Petitioner further requests that the Court appoint counsel.  Indigent habeas petitioners have no constitutional right to a court-appointed attorney.  *See Johnson v. Avery*, 393 U.S. 483 (1969); *Barker v. Ohio*, 330 F.2d 594 (6th Cir. 1964).  Further, for the same reason as the Court finds an appeal would not be in good faith, the Court finds that due to the issues and posture of the case, assistance of counsel does not appear necessary.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner David Angel Sifuentes' Motion to Alter or Amend (Dkt. No. 58) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner David Angel Sifuentes' Motion for Reconsideration of a Certificate of Appealability (Dkt. No. 61) and Petitioner's Motion to Supplement the Motion for Reconsideration of a Certificate of Appealability (Dkt. No. 62) are **DENIED**.

---

[1] Petitioner does not object to the Rule 52(b) standard; Rule 52(b) grants the district court discretion that, upon a party's motion, the court "may amend its findings - or make additional findings - and may amend the judgment accordingly." FED. R. CIV. P. 52(b).

**IT IS FURTHER ORDERED** that Petitioner David Angel Sifuentes' Motion to Proceed In Forma Pauperis (Dkt. No. 61) is **DENIED** pursuant to 28 U.S.C. § 1915(a)(3), where this Court has certified such an appeal would not be taken in good faith.

**IT IS FURTHER ORDERED** that Petitioner David Angel Sifuentes' Motion for Appointment of Counsel (Dkt. No. 61) is **DENIED**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
December 11, 2006   RICHARD ALAN ENSLEN
   SENIOR UNITED STATES DISTRICT JUDGE