UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,
        Petitioner,

                                No. 1:03-cv-637

-v-

                                HONORABLE PAUL L. MALONEY

JOHN PRELESNIK,
        Respondent.

## OPINION AND ORDER TRANSFERRING TO THE SIXTH CIRCUIT COURT OF APPEALS PETITIONER'S MOTION TO REOPEN MOTION FOR RELIEF FROM JUDGMENT

This matter comes before the court on Petitioner David Sifuentes' (Petitioner) motion to reopen motion for relief from judgment. (Dkt. No. 91.) Petitioner was convicted by a jury in state court in 2000 on one count of third-degree criminal sexual conduct involving the use of force and one misdemeanor count of furnishing alcohol to a minor. Over objection, the trial court allowed two witnesses to testify to other similar acts by the Petitioner, under Rule 404(b) of the Michigan Rules of Evidence. In every post conviction brief, Petitioner has argued the testimony from those two witnesses was improper and violated his constitutional right to due process. Petitioner filed a direct appeal and the Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v Sifuentes*, No. 232286, 2002 WL 31474446 (Mich. Ct. App. Nov. 5, 2002). On May 30, 2003, the Michigan Supreme Court denied Petitioner's delayed application for leave to appeal the November 5, 2002 decision. *People v Sifuentes*, 468 Mich. 914, 662 N.W.2d 755 (2003) (table).

Petitioner filed his request for habeas relief under 42 U.S.C. § 2254 with this court in October 2003. On May 24, 2006, the magistrate judge issued a report recommending the petition be denied. ("R&R" - Dkt. No. 43.) Petitioner filed objections. The honorable Richard A. Enslen, then

presiding over the action, issued a final order ("Final Order" - Dkt. No. 50) adopting the report and recommendation, over objections, as the opinion of the court. *Sifuentes v. Prelesnik*, No. 1:03-cv-637, 2006 WL 2347529 (W.D. Mich. Aug. 11, 2006) (order adopting report and recommendation). Petitioner filed a motion to alter or amend judgment under Rules 52(b) and 59 of the Federal Rules of Evidence. (Dkt. No. 51 and 53.) The motion was denied. ("Order Denying Motion to Amend" - Dkt. No. 56). *Sifuentes v. Prelesnik*, No. 1:03-cv-637, 2006 WL 2827241 (W.D. Mich. Oct 2, 2006) (opinion denying the motion to alter or amend judgment). Petitioner filed a "motion for clarification/modification/correction/amendment/reconsideration," also under Rules 52(b) and 59, of the order denying his motion to amend (Dkt. No. 58.) Again, Petitioner's motion was denied. *Sifuentes v. Prelesnik*, No. 1:03-cv-637, 2006 WL 3922007 (W.D. Mich. Dec. 11, 2006) (order denying motion to alter or amend October 2, 2006 order).

Petitioner also sought relief in the Sixth Circuit Court of Appeals. On October 27, 2006, Petitioner filed a notice of appeal of the October 2, 2006 order. (Dkt. No. 60.) After receiving the December 11 order, Petitioner filed a motion for relief from judgment under Rule 60(b) with this court (Dkt. No. 65) and later an amended motion for relief from judgment (Dkt. No. 68). Petitioner's motion for relief was denied (Dkt. No. 71), without prejudice, for lack of jurisdiction because Petitioner had filed a notice of appeal. *Sifuentes v. Prelesnik*, No. 1:03-cv-637, 2007 WL 295218 (W.D. Mich. Jan. 26, 2007) (order denying motion for relief without prejudice). The court of appeals affirmed the judgment of the court. *Sifuentes v. Prelesnik*, No. 06-2463, slip op. at 3 (6th Cir. Jan 28, 2008). The United States Supreme Court denied Petitioner's petition for writ of certiorari. *Sifuentes v. Prelesnik*, 129 S.Ct. 640 (2008).

In Sisyphean fashion, Petitioner now returns to this court with a "motion to reopen motion

for relief from judgment pursuant to Fed. R. Civ. P. 60(b) and to amend and supplement motion pursuant to Fed. R. Civ. P. 15(c) and (d)." (Dkt. No. 91.)

LEGAL FRAMEWORK

A party may file a motion for relief from a judgment or order under Rule 60. Rule 60(b) authorizes a court to relieve a party from a final judgment, order, or proceeding for any of six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that could not have been discovered in time to file a motion under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) satisfaction, release, discharge, reversal or vacation of the judgment; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-543 (6th Cir. 2004). A court may grant relief under Rule 60(b)(6) only "when it determines in its sound discretion that substantial justice would be served." *Cincinnati Ins. Co. v. Byers*, 151 F.3d 574, 578 (6th Cir. 1998). "Such relief, however, should be applied 'only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses.'" *Id.* (quoting *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the number of habeas petitions a prisoner may file. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Furthermore, before a district court may consider a second or successive application, the Petitioner must move, in the appropriate court of appeals, for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). The United States Supreme Court has provided guidance for district courts concerning the interaction between Rule 60(b) and the

AEDPA's limitation on second or successive petitions. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). Where the purported Rule 60(b) motion asserts a federal basis for relief from a state court's judgment of conviction, the motion is properly considered a second or successive habeas petition. *Id.* at 530, 532. However, where "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Id.* at 533. When a district court concludes a motion filed in a habeas action is a second or successive habeas petition, the court shall transfer the document to the court of appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam).

## ANALYSIS

Petitioner asserts he is entitled to relief under 60(b)(1), (4), and (6). Petitioner insists he has never received a ruling on the merits of his specific due process claim and that the prior rulings from this court and the Sixth Circuit rejected his petition on procedural grounds. Petitioner argues he is entitled to a de novo review of the issue of whether the evidence of other prior bad acts violated his rights under the Due Process Clause of the United States Constitution.

The underlying premise of Petitioner's motion, that he has never received a ruling on the substantive merits of his petition, is incorrect. *See Henderson v. Collins*, 184 F.App'x 518, 523 (6th Cir. 2006) (rejecting the defendant's characterization of the district court's opinion as a defect in habeas proceedings where the alleged defect was an alleged failure to analyze the merits of his claim for ineffective assistance of counsel). Petitioner received a ruling on the substantive merits of his due process claim from this court and from the Sixth Circuit Court of Appeals. In the report and recommendation, the magistrate judge acknowledged that the Michigan Court of Appeals did not

4

address Petitioner's federal constitutional question with regard to the testimony at issue. (R&R at 26.) The magistrate judge further acknowledged that where the state court does not address the merits of a claim, the federal court performs a de novo review. (*Id.* at 25-26.) After concluding Petitioner's claim under the state rules of evidence was not cognizable in a federal habeas proceeding, the magistrate judge addressed the substance of Petitioner's due process claim and concluded the claim was "without merit." (*Id.* at 27.) The magistrate judge relied on *Bugh v. Mitchell*, 329 F.3d 496, 512-13 (6th Cir. 2003) to conclude that admission of uncharged acts of criminal sexual conduct did not give rise to a violation of a defendant's due process right to a fundamentally fair trial. (*Id.* at 27-28.) The R&R was adopted by this court as "so thorough, accurate and proper in its legal dispositions that it leaves little room for comment." (Final Order at 1.)

Not satisfied with the outcome, Petitioner filed his motion to alter or amend judgment under Rules 52(b) and 59. (Dkt. No. 51 and 53.) In the motion, Petitioner asserted the R&R, as adopted by the district court, did not squarely address whether the admission of the testimony of the two witnesses violated his federal due process rights. Petitioner also re-explained why the testimony of the two witnesses undermined the fundamental fairness of the trial. This court denied Petitioner's motion, concluding the R&R did address the substance of Petitioner's claim. (Order Denying Motion to Amend at 3.)

Undaunted and steadfast in his determination, Petitioner filed his appeal with the Sixth Circuit. Again, the court addressed the merits of Petitioner's due process claim. The Sixth Circuit reviewed the legal determinations of this court de novo. *Sifuentes v. Prelesnik*, No. 06-2463, slip op. at 2. The court held "[w]e can only grant habeas relief on a state court's evidentiary ruling if the

5

state court's violation of the state's rules of evidence so seriously impugned fundamental fairness as to deny a fair trial." *Id.* (citing *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988)). The court held the state court's admission of the evidence was not contrary to clearly established federal constitutional law and the admission did not so seriously impugn fundamental fairness so as to deprive Petitioner of a fair trial. *Id.* The court explained how the testimony was relevant and how the state trial court limited the use of the evidence through cautionary instructions to the jury. *Id.* at 2-3. Finally, the court concluded that the admission of the testimony did not materially affect the outcome of the trial because the testimony of the victim alone, if believed, was sufficient for the jury to find the elements of the crime proven beyond a reasonable doubt. *Id.* at 3.

The substantive merits of Petitioner's claims have been addressed by this court and by the Sixth Circuit. Petitioner's motion constitutes a second and successive petition because it states a claim, a federal basis for relief from a state court's judgment. *See Henderson*, 184 F.App'x at 523 (quoting *Gonzalez*, 545 U.S. at 530). Petitioner's motion is a veiled attempt to undermine the merits of the decision denying his petition, rather than a claim that the integrity of the federal habeas proceeding was defective. *See United States v. Carter*, 500 F.3d 486, 489 (6th Cir. 2007) (citing *Gonzalez*, 545 U.S. at 532). Accordingly, Petitioner's motion (Dkt. No. 91) to reopen motion for relief must be transferred to the court of appeals.

ORDER

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED THAT:**

1. Petitioner David Sifuentes' motion (Dkt. No. 91) to reopen motion for relief from judgment be **TRANSFERRED** to the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, for consideration as an application to file a second or successive petition for habeas corpus relief.

2. Petitioner's motion (Dkt. No. 92) for reference to magistrate judge for preparing proposed finding of fact and law and Petitioner's motion (Dkt. No. 96) for hearing are **DISMISSED AS MOOT.**

Date: February 25, 2010  /s/ Paul L. Maloney
Paul L. Maloney
Chief, United States District Judge